**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                                    No. 01-4830

CORY L. CLARK,
                    *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-00-381)

Submitted: May 16, 2002

Decided: May 24, 2002

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Douglas A. Ramseur, BOWEN, BRYANT, CHAMPLIN & CARR, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Peter S. Duffey, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Following a jury trial and the imposition of sentence, Cory L. Clark appeals from the district court's order denying his motion to dismiss and to suppress evidence of incriminating statements he made to fellow inmates Bernard Noel and Derrick Harris. He contends that Noel and Harris obtained the statements while acting as government agents in violation of his Sixth Amendment right to counsel. Finding no error, we affirm.

The Sixth Amendment right to counsel is violated when the Government "deliberately elicit[s]" incriminating statements from a criminal defendant after he has been indicted and outside the presence of counsel. *Massiah v. United States*, 377 U.S. 201, 206 (1964); *see United States v. Love*, 134 F.3d 595, 604 (4th Cir. 1998). However, this right is "not violated whenever—by luck or happenstance—the [Government] obtains incriminating statements from the accused after the right to counsel has attached." *Maine v. Moulton*, 474 U.S. 159, 176 (1985); *see also Kuhlmann v. Wilson*, 477 U.S. 436, 459 (1986) (holding that "defendant must demonstrate that the police and their informant took some action, beyond merely listening, that was designed deliberately to elicit incriminating remarks").

Here, the district court found no evidence that the Government instructed Noel to be alert for and to report incriminating statements by other inmates and found that no incentive was offered by the Government for such reporting. The court also noted that here, as in *Love*, the informant initiated the contact with the Government. Although Noel, like the informant in *Love*, may have had an expectation of future favors from the Government in return for his assistance, none was promised. Because these "crucial indicia of government cooperation" were lacking, we find that there was no Sixth Amendment violation. *Love*, 134 F.3d at 604.

Accordingly, we affirm the district court's order denying Clark's motion to dismiss and suppress. We dispense with oral argument

because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*